# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**VAUGHN HUTCHISON,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-105**  (BOR Appeal No.: 2058242)
(JCN: 2021019542)

**RAYTHEON CORPORATION,**
**Employer Below, Respondent**

**FILED**
**March 20, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Vaughn Hutchison ("Mr. Hutchison") appeals the August 19, 2022, final order of the West Virginia Workers' Compensation Board of Review ("BOR") that affirmed the Workers' Compensation Office of Judges' ("OOJ") April 16, 2021, order rejecting Mr. Hutchison's claim for benefits due to SARS-CoV-2 ("COVID-19").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is no error in the BOR's final order and no substantial question of law. For these reasons, a memorandum decision affirming the BOR's final order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hutchison was employed by Raytheon Corporation ("Raytheon") as a builder of aircraft de-icing units at the employer's facility in Union, West Virginia. In 2020, while the COVID-19 pandemic caused shutdowns in many industries, Mr. Hutchison and his co-workers were deemed "essential workers" and the Raytheon facility operated normally with no reduction in the number of employees working any given shift. During shifts, Mr. Hutchison worked as a builder of deicing systems for aircraft, in a room approximately sixty feet wide by forty feet long with approximately twenty to thirty-five people closeby. Mr. Hutchison testified that the co-workers were in close proximity to one another, probably within five to eight feet, depending on where their workstations were located. During this time, no social distancing or masking protocols were in place at the facility.

Mr. Hutchison alleges that he was exposed to and contracted COVID-19 in his workplace during an outbreak among employees, between October 2, 2020, through October 12, 2020, when he and eight others tested positive. Mr. Hutchison asserts that a shipping manager came to work after being exposed to COVID-19 at home and then caused the virus to quickly spread throughout the facility. Mr. Hutchison testified that in addition to his work area, he interacted with other employees in the facility's cafeteria during breaks and lunch on a daily basis. Raytheon closed the facility for a period of several days during the outbreak to deep clean and disinfect.

1

Mr. Hutchison admitted that he attended church approximately three times monthly where congregation attendance consisted of approximately two hundred people. Mr. Hutchison was not aware of the health department considering his church to be a place of COVID-19 outbreak. The record is silent as to whether any COVID-19 safety protocols were employed by the church.

After contracting COVID-19, Mr. Hutchison was hospitalized at Appalachian Regional Healthcare from October 9, 2020, to October 15, 2020, and was referred to Zonaira Gul, M.D. for follow-up care. Dr. Gul treated Mr. Hutchison at Appalachian Regional Health Southern WV Clinic for atypical pneumonia from COVID-19 infection and dyspnea. On November 6, 2020, Mr. Hutchison reported to Summersville Appalachian Regional Healthcare emergency department for shortness of breath, viral pneumonitis, and a respiratory tract infection from COVID-19. Mr. Hutchison's medical records contain a note dated November 17, 2020, from Dr. Gul representing that Mr. Hutchison had been under her care and was unable to work due to his illness but was released to return to work on December 1, 2020. Mr. Hutchison also produced an American International Group (AIG) Workers' Compensation employee questionnaire in which he stated that he lost time from work between October 5, 2020, and December 11, 2020, due to his illness and "because of ongoing related damage."

On January 13, 2021, Mr. Hutchison completed a West Virginia Workers' Compensation Employees' and Physicians' Report of Occupational Injury or Disease ("WC-1") form alleging that he had contracted COVID-19 due to his workplace exposure. The physician's portion of the application was completed by Zach Halsey, D.O., who confirmed the diagnosis of COVID-19.

On April 16, 2021, the claim administrator issued an order denying Mr. Hutchison's workers' compensation claim based upon a lack of a causal connection between Mr. Hutchison's COVID-19 diagnosis and his work per West Virginia Code § 23-4-1(f), as COVID-19 is a disease of ordinary life to which the public is exposed outside of work. Mr. Hutchison protested. On April 21, 2022, the OOJ affirmed the order of the claim administrator, concluding that COVID-19 is a disease of life to which the public at large is exposed and Mr. Hutchison's exposure at work did not arise to a level where such exposure could be deemed to have arisen in the course of and resulting from his employment. By final order dated August 19, 2022, the BOR affirmed. It is from this order that Mr. Hutchison now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further

2

proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, 883 S.E.2d 916, 921, (Ct. App. 2022).

On appeal, Mr. Hutchison argues that the BOR erred in determining that COVID-19 was not an occupational disease under the six factors of West Virginia Code § 23-4-1(f). Mr. Hutchison contends that a COVID-19 outbreak occurred at his work, that he was not exposed to this hazard outside of his employment, and that exposure was incidental to the character of his work due to having to be around other employees who tested positive for COVID-19.

Upon review, we find no error in the BOR's final order. As discussed in *PrimeCare Medical of WV, Inc., v. Brittany Foster*, 22-ICA-138, ____ W. Va. ____, ____ S.E.2d ____, 2022 WL _____ (Ct. App. 2022), a determination of occupational disease, when addressing COVID-19, requires the BOR to meaningfully assess the facts of each claim under the six-factors set forth in West Virginia Code § 23-4-1(f):

[A] disease is considered to have been incurred in the course of or to have resulted from the employment only if it is apparent to the rational mind, upon consideration of all the circumstances: (1) that there is a direct causal connection between the conditions under which work is performed and the occupational disease; (2) that it can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment; (3) that it can be fairly traced to the employment as the proximate cause; (4) that it does not come from a hazard to which workmen would have been equally exposed outside of the employment; (5) that it is incidental to the character of the business and not independent of the relation of employer and employee; and (6) that it appears to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence, though it need not have been foreseen or expected before its contraction: *Provided,* That compensation is not payable for an

3

occupational disease or death resulting from the disease unless the employee has been exposed to the hazards of the disease in the State of West Virginia over a continuous period that is determined to be sufficient, by rule of the board of managers, for the disease to have occurred in the course of and resulting from the employee's employment.

*See* W.Va. Code § 23-4-1(f). This analysis requires Mr. Hutchison to satisfy all six factors to prove compensability.

Here, the BOR found that COVID-19 is a disease of life to which the public at large is exposed and concluded that Mr. Hutchison's exposure at work did not arise to a level which could be deemed to have arisen in the course of and resulting from his employment. The BOR determined that even if it were to concede factors one, two, and three, that Mr. Hutchison could not satisfy the remaining factors. Specifically, after discussing the evidence introduced regarding Mr. Hutchinson's exposure at work and potential exposure at other locations including church, the BOR found "as the claimant described his exposure at Raytheon Corp., it would be difficult to find that COVID-19 comes from a hazard to which a workman would have been not exposed outside of employment."

The BOR also concluded that the exposure was not incidental to the character of the business, and that it did not have its origin in a risk connected with the employment. Upon review of the record and evidence presented, we agree and conclude that the BOR was not clearly wrong in finding that Mr. Hutchison failed to meet his burden to prove that his contraction of COVID-19 was the result of his employment. Per our decision in *PrimeCare*, if the BOR finds that the claimant has failed to satisfy *any* of the six factors under West Virginia Code § 23-4-1(f), further analysis is unwarranted.

Accordingly, we affirm the BOR's August 19, 2022, final order.

Affirmed.

**ISSUED:** March 20, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4